UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALAN BURGESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00077-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 12) |

　　Plaintiff Jeffrey Alan Burgess is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Currently before the Court is Plaintiff's first amended complaint, filed on July 26, 2021. (ECF No. 12.)

**I.**

**SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is housed at Avenal State Prison ("ASP"). He brings this action against Governor Gavin Newsome, ASP Chief Executive Officer Nash, ASP Associate Warden Bailey, ASP Warden Gamboa, ASP Chief Deputy Warden Groves, ASP Lieutenants Kramer and Hurl, ASP Sergeants Morton and Christiansen alleging that he contracted COVID-19, Secretary of CDCR Kathleen Allison, and Receiver Clark Kelso. (First Am. Compl. 1, 3,[1] ECF No. 12.)

On May 20, 2020, Plaintiff contracted COVID-19 at Avenal State Prison in dorm 5, bed 3, because staff contracted the virus and carried it into the prison facility. There has been a total of 224 deaths due to COVID-19 at Avenal State Prison. Sixty percent of the staff at Avenal State Prison refuse to be vaccinated and there needs to be a mandate authoritative instruction of command by the Governor of the State of California to impose the vaccination requirement. In the dorms there is less

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

than four week between each bunk and the bunks cannot be properly spaced apart. Plaintiff requests that all state employees at Avenal State Prison take the vaccine.

## III.

## DISCUSSION

### A. Linkage Requirement Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B. Supervisory Liability

Plaintiff names Governor Gavin Newsom, Warden Gamboa, Associate Warden Bailey, Chief Deputy Warden Groves, Lieutenant Kramer, Lieutenant Hurl, Sergeant Morton, and Sergeant Christiansen, as Defendants. Insofar as Plaintiff is attempting to sue these Defendants or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in

motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d at 570.

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

It is clear that COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim against the supervisory Defendants, Plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020).

Here, it is unclear the conduct Plaintiff alleges the supervisory Defendants engaged in that violated his constitutional right. Plaintiff has failed to allege direct participation in the alleged violations. Although Plaintiff mentions the inability to social distance, he has failed to allege the causal link between such Defendant and the claimed constitutional violation which must be specifically alleged. He does not make a sufficient showing of any personal participation, direction, or knowledge on these Defendants' part regarding any other prison officials' actions. Plaintiff has not alleged that these Defendants personally participated in the alleged deprivations.

4

In addition, it is unclear what the policy is that is purportedly at issue. Plaintiff has failed to "demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Plaintiff must describe just what the policy or procedure did, or did not do, that made it more likely Plaintiff could contract COVID-19. Plaintiff must also allege facts showing that each Defendant knew, or should have known, when the policy or procedure was enacted that it placed Plaintiff at serious risk of harm. In other words, Plaintiff must allege specific facts that show Defendants were deliberately indifferent to the risk to plaintiff of contracting COVID-19.

### C.  Exposure to COVID-19

"[T]he Eighth Amendment applies to conditions of confinement that are not formally imposed as a sentence for a crime." Helling v. McKinney, 509 U.S. 25, 29 (1993). The Supreme Court has recognized that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety,' " and "[i]t is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." Id. at 33 (citations omitted).  Such Eighth Amendment claims are analyzed through a two-pronged inquiry. Id. at 35-37. Under the objective prong, the prisoner must establish "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Id. at 36. The subjective prong "requires an inquiry into the prison officials' state of mind" based on the "deliberate indifference" standard. Id. at 32.  A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Prison officials have a duty to protect inmates from serious communicable diseases. Helling v. McKinney, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Hutto v. Finney, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the

individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases - HIV, Hepatitis C, and Heliobacter pylori - and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Hall, ⎯⎯ F. Supp. 3d ⎯⎯, 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

There is no question that COVID-19 is a serious communicable disease and courts have so held. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); Kuykendall v. Superior Ct. of California, No. 2:20-cv-1590 KJN P, 2020 WL 6582163, at *3 (E.D. Cal. Nov. 10, 2020)

While Plaintiff's complaint alleges that COVID-19 is widespread at Avenal State Prison, he fails to demonstrate that prison officials failed to take steps necessary to address the disease. Plaintiff does not allege any particular wrongdoing or specific action that any Defendant has taken that suggests deliberate indifference to his serious medical needs.  The bare allegations of the existence of a disease and the contraction of the disease simply are not enough to state a claim against any defendant for deliberate indifference. COVID-19 is certainly a serious problem, but this plaintiff has failed to allege facts that suggest the presence of the mental state necessary for an Eighth Amendment claim.  It is " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " Farmer, 511 U.S. at 834 (internal quotation marks, emphasis, and citations omitted). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,' " which is one of "deliberate indifference" to inmate health or safety. Id.

Plaintiff further alleges that there is no way to socially distance in his dorm. The Court notes that overcrowding, by itself, is not a constitutional violation. Doty v. County of Lassen, 37 F.3d 540, 545 n.1 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d at 1248-49 (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also Balla v. Idaho

1  State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989) (allegations of prison overcrowding alone are
2  insufficient to state a claim under the Eighth Amendment.); Rhodes v. Chapman, 452 U.S. at 348-49
3  (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly
4  disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is
5  cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced
6  the provision of other constitutionally required services, or has reached a level rendering the institution
7  no longer fit for human habitation. See Balla, 869 F.2d at 471; Akao v. Shimoda, 832 F.2d 119, 120
8  (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that
9  overcrowding caused increased stress, tension, and communicable disease among inmate population);
10 Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth Amendment
11 violation may occur as result of overcrowded prison conditions causing increased violence, tension,
12 and psychiatric problems).

13       Plaintiff's concerns over the risk of contracting COVID-19 are not insignificant, but this risk is
14 not unique to prisoners. This is a global pandemic, effecting millions of individuals worldwide.
15 Nonetheless, the Court recognizes that "[p]risons present unique concerns regarding the spread of this
16 virus; by their very nature, prisons are confined spaces unsuited for 'social distancing.' " Evdokimow
17 v. Doll, No. 4:21-CV-00261, 2021 WL 767554, at *6 (M.D. Pa. Feb. 26, 2021).  However, CDCR
18 guidelines specifically contemplate that individuals will be confined within prisons during the duration
19 of this pandemic. See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in
20 Correctional and Detention Facilities, Centers for Disease Control and Prevention,
21 https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-
22 detention.html (last visited Mar. 29, 2021).  However, to state a cognizable Eighth Amendment claim,
23 Plaintiff must provide more than generalized allegations that Defendants have not done enough to
24 enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to
25 control the spread of COVID-19. See, e.g., Sanford v. Eaton, No. 1:20-cv-00792-BAM (PC), 2021
26 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth
27 Amendment claim against the warden, associate wardens and the other defendants named, Plaintiff
28 must provide more than generalized allegations that the warden, associate wardens and other

7

defendants have not done enough regarding overcrowding to control the spread" of COVID-19); Blackwell v. Covello, No. 2:20-cv-01755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (concluding that "in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of COVID-19). Plaintiff fails to allege facts showing how each Defendant specifically was responsible for such failings, or allege a causal link between each Defendant and the claimed constitutional violation. See, e.g., Cedillos v. Youngblood, No. 1:21-cv-00138-DAD-BAM (PC), 2021 WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during COVID-19 pandemic, where plaintiff failed to allege causal link between defendants and violations); Stephen v. Tilestone, No. 2:20-cv-1841 KJN P, 2021 WL 289379 (E.D. Cal. Jan. 28, 2021) (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights). The pertinent question in determining whether Plaintiff states a claim is whether Defendants' actions or inactions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether Defendants perfectly responded, complied with every CDCR guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." See Stevens v. Carr, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021). Thus, even if the response at Avenal State Prison has been inadequate, there are insufficient allegations to demonstrate that any particular Defendant disregarded a known risk or failed to take any steps to address the risk. Wilson v. Williams, 961 F.3d 829, 843 (6th Cir. 2020). Despite the Court's previous advisement of the linkage requirement, Plaintiff's first amended complaint merely lists the Defendants names in the caption only without any reference or linkage in the body of the complaint allegations.

     Lastly, with regard to Plaintiff's request that all state prison employees be vaccinated, Plaintiff is advised that effective August 2, 2021, all CDCR and CCHCS state employees shall show proof of full vaccination status, or they will be subject to regular intervals of COVID-19 testing. See https://www.cdcr.ca.gov/covid19/updates/.

## IV.

## ORDER AND RECOMMENDATION

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2021**

_____
UNITED STATES MAGISTRATE JUDGE